UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE PHARMACY BENEFIT MANAGERS ANTITRUST LITIGATION | Master File No. Civ. Action No. 06-md-1782 |
| This document relates to: Brady Enterprises, Inc. et al. v. Medco Health Solutions, Inc., et al. Civ. No. 2:03-4730 | |

**BRADY PLAINTIFFS' MOTION FOR RECONSIDERATION OF THE COURT'S DENIAL OF CLASS CERTIFICATION AS TO THEIR CASE**

*Brady* Plaintiffs, by their undersigned counsel,[1] pursuant to Local Rule 7.1 (g), respectfully move for reconsideration of the Court's Opinion and Order of January 18, 2017 to the extent it denied class certification in the *Brady v. Medco* case. Detailed grounds in support of the motion are set forth in the accompanying memorandum of law for which permission to be filed under seal has been sought.

As discussed further in that Memorandum, the one paragraph of the Court's Opinion which specifically addressed the *Brady* motion relied on three findings which have no application to the *Brady* case. The three factors are: (1) that the *Brady* plaintiffs allege an antitrust conspiracy essentially identical to that alleged in *Caremark*; (2) that the conspiracy alleged must be viewed under rule of reason analysis; and (3) that *Brady* plaintiffs rely on the expert reports of Dr. Cowan (one of the *Caremark* Plaintiffs experts). As the Brady Plaintiffs

[1] The undersigned counsel were counsel in the *Brady* and *Bellevue* cases only and were never counsel for any Caremark plaintiffs or plaintiffs in any of the Alabama cases transferred here by the MDL Panel.

demonstrate in the Memorandum of Law in support of this Motion, each of these points is contradicted by the record.

The *Brady* case was the first-filed case among the cases coordinated in the MDL (06-1782), alleging a conspiracy between the pharmacy benefit manager Medco and its plan sponsors. *Brady* did not allege a second conspiracy between PBMs as the *Caremark* case did. Further, *Brady* sought to certify a class which included both independent pharmacies and chain pharmacies, in contrast to the *Caremark* case, which sought a class of only independents pharmacies and which asserted that chain pharmacies were a competitive benchmark.

Moreover, the law of the case in *Brady* (as recognized by the Third Circuit Court of Appeals in discussing earlier decisions by the predecessor District Judge, Judge Robreno, which were adopted by Judge Fullam) required that the *Brady* conspiracy claims be adjudged pursuant to per se evaluation and not rule of reason. *See, In re Pharmacy Benefits Mgrs. Antitrust Litig.*, 582 F.3d 432, 436, fn5 (3d Cir. 2009).) By contrast, this Court found that the rule of reason applied to the *Caremark* claims based on a decision by an Illinois court in *Caremark.* The difference in applicable legal standards is significant as much of the Court's *Daubert* and Rule 23 analysis related to rule of reason requisites such as geographic market, market power, and pro-competitive benefits, all inapplicable in *per se* analysis.

Finally, *Brady* plaintiffs submitted declarations of their own expert, Dr. Jeffrey Leitzinger, whose analyses have been accepted by numerous courts in certifying class actions. As fully discussed in a supplemental memorandum of law filed July 29, 2011, pursuant to order of this Court (*see* MDL Dkt. 135 and 149), and during the argument on *Brady* class certification on January 26, 2012, Dr. Leitzinger analyzed Medco documents and Medco testimony, among other materials, in reaching his conclusions on impact and damages in the context of the *Brady*

litigation.[2] *Brady* plaintiffs did not rely on the expert opinions of *Caremark* experts as they sought a class that was broader than the *Caremark* class and included chain pharmacies.

The *Brady* Plaintiffs further respectfully request oral argument on this motion since the last argument on *Brady* motion for class certification occurred five (5) years ago.

Dated: January 30, 2017

Respectfully submitted,

*/s/ H. Laddie Montague, Jr.*

H. Laddie Montague, Jr.
Martin I. Twersky
Jennifer MacNaugton
BERGER & MONTAGUE, P.C.
1622 Locust Street
Philadelphia, PA 19103
Telephone: 215-875-3000
Fax: 215-875-4604

Michael J. Freed
Freed Kanner London & Millen LLC
2201 Waukegan Road
Suite 130
Bannockburn, IL 60015
Telephone: 224-632-4500
Fax: 224-632-4521

[2] The Leitzinger Declarations and certain exhibits thereto and other supportive materials were enclosed in a binder of exhibits submitted to the court by *Brady* counsel during the argument on January 26, 2012.